**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 22-cv-01397-CMA-MEH

AUTUMN HESS,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION REQUESTING COURT SPONSORED ADR**

---

This matter is before the Court on Plaintiff Autumn Hess's Motion Requesting Court Sponsored ADR. (Doc. # 37.) For the following reasons, the Motion is denied.

## I.     BACKGROUND

This is an insurance bad faith case arising from a car accident between Plaintiff and another motorist. (Doc. # 37 at 2.) At the time of the collision, Plaintiff was insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). In her Amended Complaint (Doc. # 13), Plaintiff asserts three claims for relief against State Farm arising from its handling of her claim for underinsured motorist ("UIM") benefits: (1) common law bad faith, (2) statutory bad faith pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116, and (3) breach of contract.

The parties previously agreed to participate in alternative dispute resolution ("ADR") in an effort to settle this lawsuit. (Dc. # 37 at 2.) On May 1, 2023, the parties

held an in-person mediation with Judge Sandy Brook at the Judicial Arbiter Group ("JAG"). (*Id.*) The mediation was ultimately unsuccessful. (*Id.*; Doc. # 41 at 2.)

Plaintiff now moves for "Court Sponsored ADR" in the form of a half-day or full-day ADR to be held with United States Magistrate Judge Michael E. Hegarty. (Doc. # 37 at 1.) State Farm opposes Plaintiff's request on the grounds that there is no legal authority for the Court to compel the parties to participate in ADR with Judge Hegarty and, regardless, the parties are at an impasse so ADR would not be of any benefit.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 652, all litigants in civil actions shall "consider the use of an alternative dispute resolution process at an appropriate stage in the litigation." To comply with this directive, this district's Local Rule 16.6 provides that "[a] district judge . . . **may** direct the parties to engage in an early neutral evaluation or other alternative dispute resolution proceeding." D.C.COLO.LCivR 16.6(a) (emphasis added).

After carefully reviewing Plaintiff's Motion (Doc. # 37) and State Farm's Response (Doc. # 41), the Court finds that it would not be productive or beneficial to direct the parties to engage in ADR at this time. In accordance with 28 U.S.C. § 652 and this district's Local Rules directing all litigants to "consider" ADR, the parties in this case participated in an ADR process and attempted to reach resolution through mediation. That mediation, which occurred on May 1, 2023, ended with the parties at an impasse. Given the significant disparities in the parties' positions presented in their briefing, there seems to be little chance of settlement at this time. Moreover, discovery is still ongoing, and it appears that the heavily disputed issue of causation of Plaintiff's injuries and

medical bills will implicate yet-to-be-disclosed expert opinions. The Court does not believe that it would be useful to direct the parties to participate in another ADR less than seven weeks after the first mediation and before discovery concludes.

Because the parties have already participated in a mediation, and because it does not appear that additional ADR would be fruitful at this time, the Court denies Plaintiff's request for court sponsored ADR.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion Requesting Court Sponsored ADR (Doc. # 37) is DENIED.

DATED:  June 20, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge